# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:13-CR-141 |
| | ) | |
| Plaintiff | ) | Senior Judge Sandra Beckwith |
| | ) | |
| v. | ) | |
| | ) | |
| GLEN GALEMMO | ) | |
| | ) | |
| Defendant | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff, the United States of America, and claimant, Kristine E. Galemmo, hereby stipulate that they have certain documents in their possession that may be subject to discovery between them, and that may contain information protected by statute or regulation, or other non-public information that may be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. In recognition of these realities, the parties jointly seek a stipulated protective order to govern the handling of such documents and limiting disclosure thereof in the course of this case.

Therefore, based on the agreement of the parties, for good cause shown, and the Court being in all ways otherwise sufficiently advised, **IT IS HEREBY ORDERED,** as follows:

1.  **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

00019183.1

2.     **Form and Timing of Designation.**   A party may designate documents it is producing as confidential under this Order and shall do so by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document.  The designation shall be made prior to or at the time of production or disclosure of the documents.

3.     **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.**   Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or regulation, or that such documents are entitled to protection  from disclosure under Rule 26(c).  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4.     **Depositions.**   Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation shall be made at the time the deposition is taken and shall be specific as to the portions of the transcript or any exhibit to be designated.   Thereafter, the deposition transcripts and any portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objections, under the terms of this Order.

5.     **Protection of Confidential Material.**

a.   **General Protections.**  Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than litigating the instant action.

b. **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i) – (v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

    i. Counsel. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    ii. Parties. Parties and employees of a party to this Order.

    iii. Agents or other governmental employees. Agents and employees of the United States involved in the investigation or litigation of this action.

    iv. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    v. Consultants, Investigators and Experts. Consultants, investigators, or experts (hereinafter collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding.

    vi. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. **Control of Documents.** The parties and their counsel shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. .

7. **Inadvertent Production.** The inadvertent production of information subject to attorney-client privilege or work product immunity, or the inadvertent failure to designate information as CONFIDENTIAL, will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information.

8. **Filing of CONFIDENTIAL Documents.** If any document or other material or information produced pursuant to this Order is used in connection with any deposition, pleading, motion, memoranda, brief, or other document, or is attached to any deposition transcript, pleading, motion, memoranda, brief, or other document as an exhibit, the transcript of such deposition or such pleading, motion, memoranda, brief, or other document shall be filed under seal pursuant to the rules of this Court and shall be subject to the provisions of this Order and accessible to the Court, the parties, and their counsel. No document will be filed under seal without first seeking leave from the Court.

9. **Objections to Designation.** A party may object to the designation of particular material as CONFIDENTIAL by giving written notice to the opposing party. Such written notice shall identify that material to which the objection is directed and the basis for the objection. The parties shall promptly confer. If the objecting party and designating party are unable to resolve their differences within seven (7) business days of the receipt of such written notice, the designating party may file an appropriate motion requesting that the Court order that

the designated material be treated as subject to Protective Order. The designating party shall have the burden of establishing the confidential nature of the material. The disputed material shall remain subject to all terms of this Order until the parties agree or the Court rules otherwise. However, if no motion is filed within seven (7) business days of the notice of objection, the designated material shall no longer be treated as subject to the Protective Order.

10. The entry of the Protective Order shall not: (a) constitute a waiver of any party's right to seek at a future time relief from the Court from any or all provisions of this Protective Order, including the right to seek an order granting access to specific documents designated as CONFIDENTIAL to specific individuals, or for an order allowing certain documents designated as CONFIDENTIAL to be used or disclosed in a manner contrary to that authorized herein; or (b) be construed as an admission or agreement that any material designated as CONFIDENTIAL is properly designated as CONFIDENTIAL or is otherwise entitled to any protective relief whatsoever.

11. **Return or Destruction of Documents.** At the conclusion of this litigation, whether by dismissal, settlement, trial, order of this Court, or otherwise, all documents produced pursuant to this Order shall, upon request and at the expense of the party designating the documents confidential, be returned to counsel for the party producing such documents or be destroyed.

12. **Admissibility of Documents.** Nothing in this Order shall be deemed to preclude the admission into evidence of this case the documents subject to this Order and the parties have reserved all rights to seek admission into evidence of such information, or to object to the admissibility of such materials, subject to the terms of this Order.

13.     **Continued Jurisdiction.**  The Court shall retain jurisdiction following the termination of this action for enforcement of the provisions of this Order and any orders entered pursuant to this Order.

IT IS SO ORDERED.

United States District Judge