UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 1:13-cr-141 |
| PLAINTIFF, : | |
| v. : | Senior Judge Beckwith |
| : | |
| GLEN GALEMMO, : | |
| DEFENDANT. : | |

### SETTLEMENT AGREEMENT AND ORDER
### FOR INTERLOCUTORY SALE OF REAL PROPERTY KNOWN AS
### 6000 ROYAL MARCO WAY, UNIT 454, MARCO ISLAND, FLORIDA

WHEREAS, on January 15, 2014, defendant Glen Galemmo formally entered pleas of guilty to a two-count Information (Docket Entry 1), charging the defendant in Count 1 with Wire Fraud in violation of 18 U.S.C. § 1343 and in Count 2 with Money Laundering in violation of 18 U.S.C. § 1956 (Docket Entry 7). The Information contained notice to the defendant that the United States sought forfeiture of property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(1) as part of any sentence;

WHEREAS, Defendant Glen Galemmo entered into a Plea Agreement (Docket Entry 2) with the United States in which the defendant agreed to forfeit certain property to the United States, including the following (the "subject property"):

> Real property known and numbered as 6000 Royal Marco Way, Unit 454, Marco Island, Florida 34145 with all appurtenances, improvements, and attachments thereon further described as:
>
> The following described land, situated, and being in Collier County, Florida, to wit:
> Unit 454, Tower 3, Royal Marco Point III, a Condominium according to the Declaration of Condominium as recorded in O. R. Book
> 1649, Page 885 of the Public Records of Collier County.
>
> Tax ID : 71345500728;

WHEREAS, on August 27 and 28, 2014, the Court held the defendant's sentencing hearing

and verbally announced the forfeiture of the subject property (Docket Entries 65 and 66). The Judgment including sentence as to forfeiture establishes that the defendant shall forfeit the subject property to the United States (Docket Entry 67).

WHEREAS, on February 12, 2014, the Court entered the first Preliminary Order of Forfeiture which forfeited all right, title, and interest in the subject property to the United States (Docket Entry 12);

WHEREAS, notice of the first Preliminary Order of Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on March 25, 2014, and ending on April 23, 2014 (Docket Entry 23);

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States sent direct written notice, by certified and regular mail, of this forfeiture action along with a copy of the first Preliminary Order of Forfeiture and Notice of Forfeiture to the following potential petitioners:

1. On March 27, 2014, by certified mail and regular mail to David R. Valz, Esq., Registered Agent, Queen City Holdings, LLC (Docket Entry 24, Exhibit 1);

2. On March 20, 2014, by certified mail and regular mail to Daniel Perry, Esq., attorney for Total Care and Repair (Docket Entry 24, Exhibit 2);

3. On March 19, 2014, by certified mail and regular mail to: Jeanne Cors, Esq., attorney for Guardian Savings Bank; Richard Hamilton, Esq., attorney for Luther Lynn Shelby; Angela Hayden, Esq., attorney for Kristine Galemmo; Edward Blackledge, Registered Agent, Queen City Investment Fund; Wiley Bernard Kyles; James Burke, Esq., attorney for Rugged Power Investments; Kevin Williams, Esq., attorney for MERS /Wells Fargo Home Mortgage; and Benjamin Dusing, Esq., attorney for Glenn Galemmo as Registered Agent for QFC, LLC, Sentinel Property Holdings, LLC, and Jones-Morris Group (Docket Entry 24, Exhibit 3);

4. On March 19, 2014, by regular mail to Fifth Third Bank (Docket Entry 24, Exhibit 4);

5. On March 19, 2014, by certified mail which was returned unclaimed, and regular mail to Anna Galemmo; and by certified mail which was returned unclaimed and regular mail to

      Gina Palmisano (Docket Entry 24, Exhibit 5);

6. On July 14, 2014, by certified mail and regular mail to Jessica Horowitz, Esq., attorney for Hideaway Beach Condo Association (Docket Entry 80, Exhibit 1); and

7. On September 8, 2014, by certified mail and regular mail to James Cummings, Esq. and Richard Wayne, Esq., attorneys for a set of victims of Defendant Galemmo (Docket Entry 80, Exhibit 2);

WHEREAS, only two petitions were filed contesting the subject property; one has been dismissed by this Court (Docket Entries 15 and 79). They are identified as: 1) "Petition" by Lead Plaintiffs in a civil action against Galemmo on October 10, 2014 (Docket Entry 79), which was dismissed by the Court (Docket Entry 93); and 2) Petition by Luther Lynn Shelby, (the "Petitioner") filed on April 17, 2014 (Docket Entry 15), asserting an interest in the subject property;

WHEREAS, no other person or entity has filed a third-party petition to the subject property, and the time to do so has expired.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, the United States, by and through its undersigned counsel, and the Petitioner, Luther Lynn Shelby, through his attorney, Richard T. Hamilton, (collectively "the Parties"), wish to avoid further litigation and to resolve to their mutual satisfaction the forfeiture of the subject property. In order to accomplish the Parties' mutual goals and by virtue of their signatures on this Settlement Agreement and Order for Interlocutory Sale, the Parties agree as follows:

1. The Parties agree that the subject property, with its contents, shall be sold in an interlocutory sale.

2. In furtherance of the interlocutory sale, the Petitioner will retain a licensed, certified real estate appraiser to perform an appraisal of the subject property.

3

3. After the above-referenced appraisal has been completed, the Petitioner will forward a copy to the United States. If the United States disagrees with the value of the subject property determined by an appraiser retained by the Petitioner, the United States shall have the right at its own expense, to have the property appraised by a licensed, certified real estate appraiser of its choosing. If the Parties thereafter are unable to agree on a list price for the subject property, the Parties agree that the United States District Court for the Southern District of Ohio, shall determine the list price of the subject property.

4. In furtherance of the interlocutory sale, the Parties agree to execute promptly any documents, including a release of the United States Lis Pendens, which may be required to complete the interlocutory sale of the subject property.

5. The Parties agree that the Petitioner shall, as soon as can reasonably be accomplished, sell the property by any commercially feasible means, making best efforts to obtain the maximum selling price for the property.

6. If the highest offer to purchase is less than 85 percent of the offering price, the sale shall go forward only if the United States and the Petitioner agree to the sale. However, the Petitioner may, in his sole discretion, accept any offer to purchase the subject property that is 85 percent or more of the offering price. The United States may, in its sole discretion, reject any offer to purchase the subject property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

7. The Parties will not retain any interest in the real property after its sale. The title will transfer free and clear to the buyer upon payment.

8. The Petitioner agrees that he will retain insurance on the subject property until the interlocutory sale has been completed.

9. The Petitioner will forward a copy of the HUD-1 Settlement Statement to the United States prior to the closing.

10. The net proceeds from the sale of the subject property will include all money realized from the sale of the subject property and its contents, except for the following:

    a. Real estate commissions, if any;

    b. Amounts due to the Hideaway Beach Association Inc., in the amount of $27,959.56 as of March 24, 2015;

    c. Real estate property taxes which are due and owing;

    d. Title Insurance costs, if any;

    e. All costs incurred by the Petitioner under this Agreement in connection with the maintenance, repair, marketing, and sale of the subject property;

    f. Escrow fees;

    g. Document recording fees not paid by the buyer;

    h. Title fees; and

    i. County transfer taxes.

11. The United States and the Petitioner hereby agree that each Party will receive one-half of the net proceeds from the sale of the property with its contents. The Parties agree that the United States will substitute its one-half of the net proceeds realized from the sale as a "substitute *res*" for the subject property in this lawsuit. The Petitioner shall not contest the forfeiture of the substitute *res*. The substitute *res* shall be remitted to the custody and control of the United States pending further order of the Court.

12. The Parties also agree that the Petitioner shall retain the other one-half of the net proceeds of the sale of the property in full and final satisfaction of the Petitioner's claim in this

5

case.

13. The United States, promptly upon deposit, shall report to the Court, in a document that shall be docketed in this case, the substitute *res* amount that has been deposited by the United States.

14. The Petitioner shall not make any claim or file any action against the United States or its agencies or any state or local agency involved, including any individual associated with those federal, state, or local agencies, arising from the sale of the subject property, the deposit of the net proceeds from the sale of the subject property, the substitution of one-half of the net proceeds amount as the substitute *res* for the subject property, and the forfeiture of the substitute *res*.

15. Each Party shall bear its own attorney fees and related costs associated with this agreement.

CARTER M. STEWART
United States Attorney

DATED: 4/28/15

*(signature)*
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711   Fax: (513) 684-2047
Emily.Glatfelter@usdoj.gov

DATED: 4/23/15

*(signature)*
Richard T. Hamilton, Jr. (0042399)
Michael N. Ungar (0016989)
ULMER & BERNE, LLP
1660 West Second Street Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7466 Fax (216) 583-7467
rhamilton@ulmer.com

6

DATED: *April 21, 2015*

_____
Luther Lynn Shelby, Petitioner

SO ORDERED:

_____
Sandra S. Beckwith, Senior Judge
UNITED STATES DISTRICT COURT