UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF, | : | Case No. 1:13-cr-141 |
| v. | : | |
| GLEN GALEMMO,<br>DEFENDANT. | : | |

## SECOND FINAL ORDER OF FORFEITURE

On February 12, 2014, the Court entered the Preliminary Order of Forfeiture (Doc. 12); and on August 27, 2014, the Court entered the Second and Third Preliminary Orders of Forfeiture (Docs. 62 and 63), finding that all right, title, and interest in the following property, among other property, was forfeited to the United States as part of any sentence (the "subject property"):

a. Real property known and numbered as 2230 Park Avenue, Cincinnati, Hamilton County, Ohio 45206 with all appurtenances, improvements, and attachments thereon, further described as:

Situate in Section 7, Town 3, Fractional Range 2, Millcreek Township, City of Cincinnati, Hamilton County, Ohio; Being a part of Lot 3 of C.W. Starbuck's Subdivision of Lot 32 of James Kemper's Heirs Partition, as recorded in Plat Book 3, Page 121, of the Hamilton County, Ohio Records and all of Lot 5 of C. W. Starbuck's Subdivision per Administrators, as recorded in Plat Book 3, Page 267, of the Hamilton County, Ohio Recorders and being more particularly described as follows:
Beginning at a point of the east side of Park Avenue 371.13 feet South of Francis Lane, as measured along said East line of Park Avenue, said point being also the Northwest corner of Lot 3 of C.W. Starbuck's Subdivision of Lot 32 of James Kemper's Heirs Partition; thence South 88° 33' East, along the North line of said Lot 3, a distance of 150.00 feet; thence South 1°27' West a distance of 157.92 feet to a point, said point being the Southeast corner, of Lot 5 of C.W. Starbuck's Subdivision per Administrators; thence North 88°33' West, along the south line of said Lot 5, a distance of 150.00 feet to a point in the east line of Park Avenue, said point being also the Southwest corner of said Lot 5; thence North 1°27' East, along the east line of Park Avenue, a distance of 157.92 feet to the place of beginning. Containing 23,688 square feet and being subject to all easements of record;

b. $262,447.33 as a Substitute Res for real property known and numbered as 6000 Royal Marco Way, Unit 454, Marco Island, Florida;

c.  The Contents of Keybank Account x5922, in the name of Glen and Kristine Galemmo, in the amount of Thirty Four Thousand Five Hundred Twenty Three Dollars and Eight Cents ($34,523.08)[1];

d.  45 units or shares of Rugged Power Investments, LLC ("RPI") currently issued to Kristine Galemmo; and

e.  All funds payable to Kristine Galemmo as distributions/profits related to shares held in Rugged Power Investments, LLC including $3,105,000 held in Rugged Power Investments, LLC's Fifth Third Bank Account x9306 and $416,250 held by the registry of United States District Court for the Southern District of Ohio Western Division (receipt nos. 100CIN022056 and 100CIN022057).

The subject property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(1). The preliminary orders directed the United States to seize the property and to give notice of its intent to forfeit the property, including posting notice of this criminal forfeiture action on the United States' forfeiture website (www.forfeiture.gov) for 30 consecutive days.

The United States gave electronic notice through the CM/ECF notification system of each motion for preliminary order of forfeiture to counsel for the defendant, and the defendant did not object to the forfeiture of the subject property.

On August 27 and 28, 2014, the Court held the defendant's sentencing hearing and verbally announced the forfeiture of the subject property among other property (Doc. 66). The Judgment including sentence as to forfeiture establishes that the defendant shall forfeit the subject property among other property to the United States (Doc. 67).

Notice of the first preliminary order of forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on March 25, 2014,

---

[1] Per the Court's July 20, 2015 Order on Summary Judgment, the amount forfeited has been reduced by $1,536.12 (Doc. 120).

and ending on April 23, 2014 (Doc. 23). Notice of the second and third preliminary orders of forfeiture were posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on September 11, 2014, and ending on October 10, 2014 (Doc. 81).

Pursuant to Fed. R. Crim. P. 32.2(b)(6)(A) and 21 U.S.C. § 853(n), the United States sent direct written notice, by certified and regular mail, of this forfeiture action along with a copy of the first Preliminary Order of Forfeiture (Doc. 12) and Notice of Forfeiture to the following potential petitioners:

1) On March 27, 2014, by certified mail and regular mail to David R. Valz, Esq., Registered Agent, Queen City Holdings, LLC (Doc. 24, Exhibit 1);

2) On March 20, 2014, by certified mail and regular mail to Daniel Perry, Esq., attorney for Total Care and Repair (Doc. 24, Exhibit 2);

3) On March 19, 2014, by certified mail and regular mail to: Jeanne Cors, Esq., attorney for Guardian Savings Bank; Richard Hamilton, Esq., attorney for Luther Lynn Shelby; Angela Hayden, Esq., attorney for Kristine Galemmo; Edward Blackledge, Registered Agent, Queen City Investment Fund; Wiley Bernard Kyles; James Burke, Esq., attorney for Rugged Power Investments; Kevin Williams, Esq., attorney for MERS/Wells Fargo Home Mortgage; and Benjamin Dusing, Esq., attorney for Glenn Galemmo as Registered Agent for QFC, LLC, Sentinel Property Holdings, LLC, and Jones-Morris Group (Doc. 24, Exhibit 3);

4) On March 19, 2014, by regular mail to Fifth Third Bank (Doc. 24, Exhibit 4);

5) On March 19, 2014, by certified mail which was returned unclaimed, and regular mail to Anna Galemmo; and by certified mail which was returned unclaimed and regular mail to Gina Palmisano (Doc. 24, Exhibit 5);

3

6) On July 14, 2014, by certified mail and regular mail to Jessica Horowitz, Esq., attorney for Hideaway Beach Condo Association (Doc. 80, Exhibit 1); and

7) On September 8, 2014, by certified mail and regular mail to James Cummings, Esq. and Richard Wayne, Esq., attorneys for a set of victims of Defendant Galemmo (Doc. 80, Exhibit 2).

The United States also sent direct written notice, by certified and regular mail, of this action along with a copy of the Second and Third Preliminary Orders of Forfeiture and Notice of Forfeiture to the following potential petitioners:

1) On September 8, 2014, by certified mail and regular mail to James Cummings, Esq. and Richard Wayne, Esq., attorneys for a set of victims of Defendant Galemmo (Doc. 80, Exhibit 2);

2) On September 8, 2014, by certified mail and regular mail to Christopher Wiest, Esq., attorney for Joseph A. Galemmo (Doc. 80, Exhibit 3); and

3) On August 29, 2014, by certified mail and regular mail to Angela Hayden, Esq., attorney for Kristine Galemmo (Doc. 80, Exhibit 4); Benjamin Dusing, Esq., attorney for Glen Galemmo as Registered Agent for several LLCs (Doc. 80, Exhibit 5); James Burke, Esq., attorney for Rugged Power Investments (Doc. 80, Exhibit 6); PENSCO Trust Company (Doc. 80, Exhibit 7); and PJM Settlement (Doc. 80, Exhibit 8).

Following notice, eight petitions were filed contesting the forfeiture of certain property which are further described as follows:

1. Petition filed by Luther Lynn Shelby on April 17, 2014, as to the Marco Island condo (Doc. 15);

4

2. Petition filed by Total Care and Repair on April 22, 2014, as to the Real Property located at 2230 Park Avenue, Cincinnati, Ohio (Doc. 19);

3. Petition filed by Guardian Savings Bank on April 18, 2014, as to the Real Property located at 2230 Park Avenue, Cincinnati, Ohio (Doc. 18);

4. Petition filed by Kristine Galemmo (Doc. 16) on April 18, 2014, as to the Keybank joint account x5922; and

5. Petition filed by Kristine Galemmo (Doc. 78) on September 29, 2014, as to the 45 units or shares of RPI and the associated distributions related to the shares held in Rugged Power Investments, LLC;

6. Petition by Lead Plaintiffs in a civil action against Galemmo on October 10, 2014, which includes a claim to all the property listed in the forfeiture orders including certain property of this motion (Doc. 79);

7. Petition filed by Joseph A. Galemmo on August 19, 2014, as to 45 shares held in RPI, LLC (Doc. 35); and

8. Petition filed by Rugged Power Investments, on September 12, 2014, as to Keybank Account xxx5628 (Doc. 73).

On April 29, 2015, the United States and Petitioner, Luther Lynn Shelby, entered into a Settlement Agreement, and the Court ordered an interlocutory sale of the Marco Island condo (Doc. 103). The parties provided a notice that the interlocutory sale of the property has taken place, and that the United States and the Petitioner, Luther Lynn Shelby each have received one-half of the net proceeds from the sale of the property (Doc. 119). The United States submits that its one-half of the net proceeds from the sale, in the amount of $262,447.33, is the "substitute *res*" for the Marco Island condo. Shelby's Petition has been resolved in accordance

5

with the Settlement Agreement.

On March 25, 2015, the United States and Total Care and Repair ("TC&R") entered into a Settlement Agreement (Doc. 99). Under the terms of the Settlement Agreement, the United States agreed that upon the sale of 2230 Park Avenue, Cincinnati, Ohio, pursuant to an order of the Court, it will not contest payment to TC&R in the amount of $53,948.43 in full and final settlement of TC&R's petition, from the proceeds of sale, after payment of outstanding taxes, mortgages, and the expenses incurred by the Department of the Treasury in connection with its custody and sale of 2230 Park Avenue.

On March 25, 2015, the United States and Guardian Savings Bank ("GSB") entered into a Settlement Agreement (Doc. 102). Under the terms of the Settlement Agreement, the United States agreed that upon the sale of 2230 Park Avenue, Cincinnati, Ohio, pursuant to an order of the Court, it will not contest payment to GSB from the proceeds of the sale, after payment of outstanding taxes and the expenses incurred by the Department of the Treasury in connection with its custody and sale of 2230 Park Avenue, all unpaid principal due to GSB, pursuant to its promissory note and mortgage, all unpaid interest at the base contractual rate, and additional interest accruing until the date of payment, and various expenses identified in the Settlement Agreement in full and final settlement of GSB's petition.

On July 20, 2015, the Court ordered summary judgment as to the petitions filed by Kristine Galemmo (Doc. 120). The Court granted summary judgment in favor of Kristine Galemmo in the amount of $1,536.12 from Keybank account x5922 and granted summary judgment in favor of the United States for the remainder of the bank account. The Court granted summary judgment in favor of the United States as to the 45 units or shares of RPI and the associated distributions related to such shares held in Rugged Power Investments, LLC (Doc.

120).

The petitions identified above at 6, 7, and 8 which were filed contesting certain property in this motion, have been dismissed voluntarily or by this Court (Docs. 88, 89, and 93).

The United States represents that it knows of no other potential interests in the subject property to whom it need give direct written notice. All petitions have been disposed of through settlement or by Order of this Court.

Therefore, it is hereby

ORDERED that all right, title, and interest in the subject property is condemned and forfeited to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(1) and no right, title, or interest shall remain in any other person or entity.

It is further ORDERED that the United States shall dispose of the subject property in accordance with the law and as follows:

1) Pay Total Care and Repair in the amount of $53,948.43 as set forth in the Settlement Agreement with the United States (Doc. 99);

2) Pay Guardian Savings Bank as set forth in the Settlement Agreement with the United States (Doc. 102); and

3) Return $1,536.12 to Kristine Galemmo in accordance with the Order dated July 20, 2015 (Doc. 120).

_____
Sandra S. Beckwith, Senior Judge
UNITED STATES DISTRICT COURT