# United States District Court for the Southern District of Ohio

United States of America

**Plaintiff,**

vs.   CASE NO. 1:13-CR-141

Glen Galemmo

**Defendant.**

## NOTICE OF APEAL

Notice is hereby given that Ammar Al-habash, hereby appeal
(here name all parties taking the appeal)
to the United States Court of Appeals for the Sixth Circuit from Doc # 133 — attached.
(the final judgment) (from an
_____ entered in this action on the 29 day of
order (describing it))

March, 2016.

(s) _____

Address: PO Box 861443

Plano, TX 75086

Attorney for: _____

6CA-3
1/99

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-CR-141 |
| | ) |
| vs. | ) |
| | ) |
| Glen Galemmo, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter came before the Court on March 1, 2016 for a hearing on Movant Ammar Al-Habash's motion for reconsideration of restitution order. Doc. No. 129. Mr. Al-Habash claims that he was a victim of Defendant Glen Galemmo's Ponzi scheme but was wrongfully omitted from the Court's judgment awarding restitution to victims of Galemmo's offenses. Mr. Al-Habash claims he is entitled to recover $24,599.19 from Galemmo and requests the Court to modify Galemmo's restitution order accordingly.

The Court notes that Galemmo was sentenced in August 2014 (Doc. Nos. 65 & 66) and the judgment and commitment order (Doc. Nos. 67 & 68) was entered on the docket in September 2014. Information presented to the Court by the government during the hearing on the pending motion showed that prior to sentencing the government contacted each potential victim of Galemmo's scheme and requested them to return a questionnaire supporting his or her claim for restitution from Galemmo. The government stated that Mr. Al-Habash's questionnaire was incomplete and otherwise did not support a conclusion that he was entitled to restitution. See Attached Ex. B (filed under seal). According to the government's evidence available at the time of Galemmo's sentencing, Mr. Al-Habash

1

realized a slight gain from Galemmo's scheme and, therefore, was not included on the list of victims from the offense.

Crime victims have a right to be heard by the sentencing court and to full and timely restitution as provided by law. 18 U.S.C. § 3771(a). A crime victim, however, has a duty to notify the court of his losses in a timely manner and to provide support for his claimed losses. See 18 U.S.C. § 3664(d)(2) (probation officer shall notify all victims of the opportunity to submit information concerning the amount of the victim's losses and to file an affidavit in support of victim's losses). Moreover, a crime victim must assert his right to restitution before or during the proceeding at issue, 18 U.S.C. § 3771(d)(5)(A), which in this case would have been during Galemmo's sentencing hearing. A crime victim then has a limited time period to petition the court of appeals for a writ of mandamus if the sentencing court denies restitution. 18 U.S.C. § 3771(d)(5)(B). In some limited circumstances, the sentencing court may amend the restitution order upon a showing of good cause for failure to include the losses in the initial claim for restitution. 18 U.S.C. § 3664(d)(5).

In this case, however, Mr. Al-Habash has not demonstrated that he is entitled to have the Court modify Galemmo's restitution order. Mr. Al-Habash failed to support his claim for restitution when presented with an opportunity to do so by the government. Relatedly, Mr. Al-Habash has not shown good cause for his failure to submit the evidence supporting the loss he now claims when he returned his questionnaire to the government. Mr. Al-Habash did not appear at the sentencing hearing to contest the Court's restitution determination. Moreover, his request to modify the restitution order was filed well over a year after Galemmo's sentencing hearing and therefore is untimely.

Accordingly, for all of those reasons, Mr. Al-Habash's motion to reconsider the restitution order is not well-taken and is **DENIED**.

**IT IS SO ORDERED**

Date March 1, 2016                 s/Sandra S. Beckwith
                                                             Sandra S. Beckwith
                                                             Senior United States District Judge