UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America

    Plaintiff,

v.

Glen Galemmo,

    Defendant.

Case No. 1:13cr141

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon numerous motions and letters filed by Defendant seeking a copy of the sealed transcript of in-chambers proceedings and records related to the calculation of restitution. These motions are as follows:

| | |
|---|---|
| **Doc. 179** | Motion for records of payments credited against restitution |
| **Doc. 180** | Motion for records related to restitution (letter addressed to the Clerk of Court) |
| **Doc. 181** | Motion to Unseal Document[1] |
| **Doc. 184** | Motion for Hearing |
| **Doc. 195** | Motion for Judgment re Motion to Unseal Document |
| **Doc. 196** | Letter requesting records pursuant to the Freedom of Information Act |
| **Doc. 214** | Motion Request for Judgment re Motion to Unseal Document |

Defendant is currently serving a 188-month sentence as a result of his guilty plea in this matter.[2] Defendant was also ordered to pay approximately $34,600,000 in restitution.

---

[1] This motion is fully briefed. The Government filed a Response in Opposition (Doc. 192) and Defendant filed a Reply (Doc. 193).

[2] Defendant pled guilty to wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1956.

Defendant did not file an appeal of his criminal sentence. However, Defendant did file a Motion to Vacate under 28 U.S.C. § 2255, which this Court denied as untimely. (Doc. 162). Defendant appealed this ruling, but the Sixth Circuit denied Defendant a certificate of appealability. (Doc. 176). Defendant later filed a Motion for Relief from Judgment under Rule 60(b), which this Court determined was a second or successive § 2255 motion, and transferred it to the Sixth Circuit. (Doc. 189). The Sixth Circuit then denied Defendant's motion for leave to file a second or successive motion to vacate, set aside, or correct his sentence. (Doc. 194).

### A. Motions for records related to restitution (Docs. 179, 180)

Defendant seeks the following categories of records related to the restitution calculation: (1) an account of all payments credited against restitution ordered in his criminal case; (2) a record of all receipts from the disposition of forfeited or recovered property; and (3) a statement of the dates and amounts of distributions paid to the victims named in the order of restitution signed by Judge Herman J. Weber on September 2, 2014. (Doc. 179, PAGEID 3340).[3] Defendant explains that "he is entitled by law to know the extent to which his debt remains unpaid and to verify that the property seized from Movant and his fellow defendants to offset a part of the victims' loss has been properly applied to his account and to those victims' benefit." (Id.)

Defendant seeks these records to substantiate his claim that there are errors in the restitution and loss calculation in his criminal case. However, any such claim is barred by the Sixth Circuit's denial of Defendant's motion for leave to file a second or successive motion to vacate, set aside, or correct his sentence. As the Sixth Circuit explained, to obtain authorization to file a second or successive motion to vacate, the movant must make a *prima*

---

[3] Defendant's Letter to the Clerk of Court (Doc. 180) makes the same request.

*facie* showing that there is:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(Doc. 194, PAGEID 3716) (citing 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)). The Sixth Circuit noted that in support of his motion, Defendant "attached various district court documents, letters, financial documents, self-prepared documents purporting to show errors in the restitution and loss calculation, and affidavits from himself, his father, and his wife." (Doc. 194, PAGEID 3715-16). After reviewing these documents, the Sixth Circuit explained that Defendant had not met his burden showing he is entitled to file a second or successive motion to vacate:

> First, he does not argue that the Supreme Court has made a new, previously unavailable rule of constitutional law retroactively applicable to his case. *See* 28 U.S.C. § 2255(h)(2). Additionally, the attachments to Galemmo's motion merely contest the district court's loss calculation and restitution amount and do not relate to his guilt or innocence. Accordingly, Galemmo has not identified any newly discovered evidence that would be sufficient to clearly and convincingly establish that, but for constitutional error, no reasonable factfinder would have found him guilty. *See* 28 U.S.C. § 2255(h)(1).

(Doc. 194, PAGEID 3716).

To the extent that Defendant seeks these records to establish an ineffective assistance of counsel claim, the Sixth Circuit has already determined there was no error in this Court's determination that Defendant's ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2255 was not filed within the applicable one-year limitations period. (Doc. 176, PAGEID 3335).[4]

---

[4]Defendant raised three claims in his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255: (1) the district court lacked jurisdiction over his case; (2) his lawyers

3

Accordingly, Defendant's Motion for Records of Payments Credited against Restitution (Doc. 179) and Motion for Records Related to Restitution (Doc. 180) are DENIED.

### B. Motion to unseal transcript of in-chambers proceedings (Doc. 181)

On August 27-28, 2014, this Court conducted a sentencing hearing. (Docs. 65, 66). Part of these proceedings were conducted in-chambers. (Doc. 61). As part of the proceedings pursuant to 28 U.S.C. § 2255, counsel for Defendant filed a motion requesting "access to sealed materials, namely, the sentencing transcripts from August 27-28, 2014." (Doc. 150). While Defendant has a copy of the in-court proceedings held on August 27, 2014 (Doc. 181, PAGEID# 3349), he states that he does not have a copy of the sealed transcript of in-chambers proceedings which are referenced in that transcript.

The Government responds that the transcript should remain sealed to protect victim information. Additionally, the Government responds that the transcript does not contain any newly discovered evidence which could be used to support a motion pursuant to 28 U.S.C. § 2255 because the transcripts relate to a portion of sentencing for which he was present with counsel.

The Court has reviewed the transcript of the in-chambers proceedings and notes that the discussion relates to the determination of loss calculation and restitution amounts. As explained above, the Court has previously rejected any constitutional claim based on loss calculation and restitution amount as untimely and barred by the statute of limitations. Accordingly, Defendant's Motion to Unseal Document (Doc. 181) is DENIED.

Because the Court has denied Defendant's motions seeking a copy of the sealed

---

rendered ineffective assistance by failing to file a notice of appeal as instructed; and (3) his lawyers rendered ineffective assistance by failing to hire a forensic accountant to calculate the proper amount of restitution. (Doc. 125, PAGEID 2335).

transcript of in-chambers proceedings and records related to restitution, the related motions (Docs. 184, 195, 196, 214) are DENIED as MOOT.

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant's Motion for records of payments credited against restitution (Doc. 179) is **DENIED**;

2. Defendant's Motion for records related to restitution (letter addressed to the Clerk of Court) (Doc. 180) is **DENIED**;

3. Defendant's Motion to Unseal Document (Doc. 181) is **DENIED**;

4. Defendant's Motion for Hearing (Doc. 184) is **DENIED as MOOT**;

5. Defendant's Motion for Judgment re Motion to Unseal Document (Doc. 195) is **DENIED as MOOT**;

6. Defendant's Letter requesting records pursuant to the Freedom of Information Act (Doc. 196) is **DENIED as MOOT**;

7. Defendant's Motion Request for Judgment re Motion to Unseal Document (Doc. 214) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  JUDGE MICHAEL R. BARRETT