UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:13-cr-141 |
| v. | : | Judge Michael R. Barrett |
| GLEN GALEMMO, | : | |
| Defendant. | : | **ORDER** |

This matter is before the Court on Defendant Glen Galemmo's *pro se* Motion for Compassionate Release. (Doc. 203). The Government filed a Response in Opposition. (Doc. 211). Defendant then filed a Supplemental Exhibit to his Motion (Doc. 212) and a Reply (Doc. 213). Defendant has also filed a Motion for Judgment seeking a ruling on his Motion for Compassionate Release. (Doc. 215). A letter from Defendant requests the same. (Doc. 216).

This is Defendant's second *pro se* motion seeking compassionate release. (See Doc. 197). This Court denied Defendant's first motion for compassionate release because Defendant failed to present any "extraordinary and compelling reasons" which warrant his release. (Doc. 202). In his second motion, Defendant argues that the Court's use of a restitution number for sentencing purposes, instead of a loss calculation, constitutes "extraordinary and compelling reasons" for a sentence reduction.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). A three-step inquiry is necessary. 980 F.3d at 1101. "[A]t steps

1

one and two of the § 3582(c)(1)(A) inquiry, district courts must find both that 'extraordinary and compelling reasons warrant [a sentence] reduction' and 'that such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1109 (emphasis in original). *Jones* clarifies that "the passage of the First Step Act rendered [U.S.S.G.] § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).[1] "Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have **full discretion** in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* (emphasis added). In other words, "federal judges may skip step two of the § 3582 inquiry[.]" *Id.* at 1111. Assuming an extraordinary and compelling reason is found, step three then requires consideration of the applicable sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at 1106 (citing *United States v. Ruffin*, 978 F.3d 1000, 1003–1006 (6th Cir. 2020)).

Defendant is incarcerated at FCI Williamsburg. "Find an inmate," Federal Bureau of Prisons available at (https://www.bop.gov/inmate_loc/ (last visited 4/12/2022). Defendant received a dose of the Pfizer vaccine on or about February 1, 2021 and a dose of the Moderna vaccine on or about December 23, 2021. (Doc. 219). The Sixth Circuit Court of Appeals has held that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)). However, Defendant maintains that "extraordinary and

2

compelling reasons" include sentencing errors, and compassionate release does not need to be based on a medical condition. Defendant explains that the First Step Act has opened a window to allow this Court to correct the alleged sentencing error.

The Court concludes that Defendant's claims are not properly raised in a motion for compassionate release because a federal prisoner cannot raise claims to vacate a sentence under 28 U.S.C. § 2255 in a motion for compassionate release. *See United States v. Proge*, No. 2:12-CR-20052-06, 2021 WL 3857440, at *2 (E.D. Mich. Aug. 30, 2021). As one district court has explained:

> The principles underlying the numerous Sixth Circuit decisions construing legal challenges to convictions and sentences as § 2255 motions to vacate, *see Clark*, 764 F.3d at 658, *In re Nailor*, 487 F.3d at 1022, *Moreland*, 813 F.3d at 323, *Carter,* 500 F.3d at 490, are fully applicable in the compassionate release context.
>
> If courts permit prisoners to relitigate § 2255 claims challenging the legally of their sentence through compassionate release, prisoners would, in effect, "impermissibly circumvent" the procedural limitations Congress designed for § 2255 motions. *Clark*, 764 F.3d at 658; *see In re Hanserd*, 123 F.3d at 933 (describing the utility of statutory limitations on successive § 2255 motions to prevent continuous litigation on the legality of sentences). If prisoners are permitted redefine their § 2255 claims as "extraordinary and compelling" circumstances, and § 3553(a) sentencing factors weigh in favor of release, there would be little need to seek "certifi[cation] ... by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Prisoners could avoid having to make the difficult case that "newly discovered evidence" supports a finding of innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," applies. 28 U.S.C. § 2255(h).
>
> Failure to construe such requests for compassionate release as successive § 2255 motions would risk making statutory limitations on successive § 2255 irrelevant and unnecessary.

*United States v. James*, No. 13-20669, 2021 WL 2012783, at *3 (E.D. Mich. May 20, 2021); *see also United States v. Albanese*, No. 97-359, 2021 WL 2400762, at *3 (E.D. Pa. June 11, 2021) ("Convictions and sentences can be challenged on direct appeal or in

the habeas forum, but not in a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A)."). Therefore, Defendant's claims should be construed as a motion to vacate under 28 U.S.C. § 2225.

However, Defendant's claim that there are errors in the restitution and loss calculation in his criminal case were previously raised in Defendant's Federal Rule of Civil Procedure 60(b) motion, which this Court construed as a motion for leave to file a second or successive motion to vacate, set aside, or correct his sentence. (Doc. 189). The Sixth Circuit denied this motion. (Doc. 194). Therefore, the Court finds it unnecessary to once again construe Defendant's motion as a motion for leave to file a second or successive motion to vacate, set aside, or correct his sentence and transfer it to the Sixth Circuit.

Based on the foregoing, Defendant Glen Galemmo's *pro se* motion for compassionate release (Doc. 203) is **DENIED**; and Defendant's Motion for Judgment seeking a ruling on his Motion for Compassionate Release (Doc. 215) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

                          */s/ Michael R. Barrett*
                          JUDGE MICHAEL R. BARRETT